**Al E. CLARK, Petitioner,**

v.

**PEOPLE of the STATE of MICHIGAN, Michigan Department of Corrections, and Charles E. Anderson, Respondents.**

Civ. A. No. 79–72522.

United States District Court,
E. D. Michigan, S. D.

Oct. 17, 1980.

160

Al E. Clark, in pro. per.

Frank J. Kelley, Atty. Gen. by Keith D. Roberts, Asst. Atty. Gen., Corrections Div., Lansing, Mich., for respondents.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

GILMORE, District Judge.

Plaintiff complains under the Civil Rights Act, 42 U.S.C. § 1983, that he was denied constitutional rights while confined at the State Prison for Southern Michigan. Specifically, he alleges that he is being treated for the ingestion of wood alcohol. He became ill as the result of drinking duplicating machine fluid obtained from an unknown source at the prison. Plaintiff claims that the defendants did not have the wood alcohol secured away from the prisoners, and that he became ill from drinking wood alcohol. He seeks substantial money damages.

There is no claim on plaintiff's part that any of the named defendants were in any way responsible for his ingestion of

wood alcohol. In fact, he has failed to show how any of the named defendants directly caused his injury. Before plaintiff can recover under 42 U.S.C. § 1983, he must allege and prove that defendants have deprived him of a right secured by the Constitution and the laws of the United States, and must show that the defendants deprived him of constitutional rights "under color of any statute, ordinance, regulation, custom or usage, of any state or territory." See *Adickes v. Kress & Company*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1969).

Plaintiff has pointed to no specific constitutional guarantee safeguarding the interest he asserts has been invaded. In *Gittlemacher v. Prasse*, 428 F.2d 1, 6 (CA3 1970), the Court said:

"These cases teach that an allegation of negligent conduct by a state public official is not sufficient, in and of itself, to bring a claim within Section 1983. More is needed than a naked averment that a tort was committed under the color of state law; the wrongdoing must amount to a deprivation of a right, privilege, or immunity secured by the Constitution and the laws of the United States. And this must be set forth with specificity; mere argumentative and conclusory allegations will not suffice."

■ A state may not properly be made a defendant in an action brought under 42 U.S.C. § 1983. *Monell v. The Department of Social Services for the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, state agencies are not "persons" within the meaning of 42 U.S.C. § 1983, and thus are not subject to suit under that statute. *Thompson v. Burke*, 556 F.2d 231 (3d Cir. 1977); *Bricker v. Michigan Parole Board*, 405 F.Supp. 1340 (E.D.Mich.1975).

■ As to Warden Anderson, the plaintiff must allege and show "more than mere authority by the defendant over others who have violated plaintiff's right." *Veres v. The County of Monroe*, 364 F.Supp. 1327, 1331 (E.D.Mich.1973). He must allege "at least one specific act or omission . . .

which was a causative factor in depriving plaintiff of his federal civil rights." Further, state prison officials enjoy qualified immunity from an inmate's 42 U.S.C. § 1983 suit unless such official took such action with malicious intent to cause a deprivation of constitutional rights or other injury. *Procunier v. Navarette*, 98 S.Ct. 855, 434 U.S. 555, 55 L.Ed.2d 24 (1978); *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

■ It is clear that plaintiff's allegations do not rise to the level of a constitutional deprivation. To claim a Section 1983 violation because the prison officials did not lock up wood alcohol, which plaintiff consumed causing his injury, approaches the ludicrous.

IT IS THEREFORE ORDERED that the defendants' motion for summary Judgment of Dismissal be granted, and the action is hereby dismissed.