640 P.2d 1327
Antonio "Ike" DeVARGAS,
Plaintiff-Appellee,

v.

STATE of New Mexico, ex rel. NEW MEXICO DEPARTMENT OF CORRECTIONS, Clyde O. Malley, Edwin T. Mahr, Michael Hanrahan, John Does 1 through 10, Defendants-Appellants.

No. 5062.

Court of Appeals of New Mexico.

Oct. 1, 1981.

Rehearing Denied Oct. 20, 1981.

Mark C. Meiering, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendants-appellants.

Robert Sena, Santa Fe, Richard Rosenstock, Chama, Pickard & Singleton, Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

The incident on which the original complaint was based occurred on September 21, 1976. The incident, according to plaintiff, was a beating he received by employees of the Department of Corrections (named as John Doe defendants), while plaintiff was incarcerated at the penitentiary. The origi-

nal complaint was filed July 6, 1977. The amended complaint was filed approximately August 5, 1980 (the district court filing stamp cannot be read). The trial court denied defendants' motion to dismiss the amended complaint. We granted an interlocutory appeal. A determination of whether the trial court's ruling was correct involves: (1) whether a claim was stated under 42 U.S.C. § 1983 (hereinafter referred to as § 1983); (2) relation back of the amended complaint under R.Civ.Proc. 15(c); (3) the applicable statutes of limitation; (4) the John Doe claims in the original complaint. Because the issues differ as to the defendants, we discuss the defendants separately.

A. *The State and Its Department of Corrections*

■ The original complaint sought damages from the State and its Department of Corrections under § 1983 for alleged deprivation of constitutional rights. Section 1983 applies to persons. The State and its Department of Corrections are not persons within the meaning of § 1983. *Williford v. People of California*, 352 F.2d 474 (9th Cir. 1965); *Taylor v. Mitzel*, 82 Cal.App.3d 665, 147 Cal.Rptr. 323 (1978). Not being subject to suit, the original complaint was a nullity as to the State and its Department of Corrections.

■ The amended complaint did not seek relief from the State and its Department of Corrections under § 1983; thus this § 1983 claim was abandoned in the amended complaint. *Biebelle v. Norero*, 85 N.M. 182, 510 P.2d 506 (1973).

■ The amended complaint sought damages against the State and its Department of Corrections under the Tort Claims Act. See § 41–4–12, N.M.S.A.1978. The limitation period for such a claim is two years. Section 41–4–15, N.M.S.A.1978. The claim made in the amended complaint was barred unless the amended complaint related back to the date of the original complaint. The original complaint being a nullity, there was no relation back. *Mercer v. Morgan*, 86 N.M. 711, 526 P.2d 1304 (Ct.App.1974).

B. *Malley, Mahr and Hanrahan*

These three defendants were named as defendants in the original complaint—Malley as Warden of the Penitentiary; Mahr and Hanrahan as Secretaries of Correction. The original complaint does not assert that these three defendants had anything to do with the alleged beating. The original complaint alleged that Malley, as Warden, was responsible for the daily management of the penitentiary, and that Mahr and Hanrahan, as Secretaries of Correction, were responsible for the daily administration of the Department of Corrections.

The original complaint sought damages from these three defendants under § 1983. The fact that these defendants had some administrative responsibility over the place where the alleged beating occurred, and over the John Does who allegedly did the beating, provides no basis for relief under § 1983. *Respondeat superior* does not apply to § 1983 claims seeking monetary damages. *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973); *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). To state a claim under § 1983, plaintiff must allege that the defendants deprived plaintiff of some constitutional right, privilege or immunity; that is, some personal responsibility is required. *Johnson v. Glick*, id.; *Clark v. People of State of Mich.*, 498 F.Supp. 159 (E.D. Mich., S.D.1980). The original complaint did not assert any personal responsibility against these defendants for the alleged beating and, thus, failed to state a claim for relief. The original complaint was a nullity as to these three defendants.

Apart from Claim II, which is discussed separately, the amended complaint made no claim against Mahr or Hanrahan. Except as stated in Claim II of the amended complaint, plaintiff has abandoned his claims against Mahr and Hanrahan. *Biebelle v. Norero*, supra.

Apart from Claim II, the amended complaint asserts that Malley should have known that the employee-guards who allegedly beat plaintiff were not qualified to be guards, that Malley failed to take adequate action to remove these employees from their positions as guards and, generally, was negligent in his training, supervision and disciplining of these employees. Inasmuch as the claims against Malley in the original complaint were a nullity, the claims against Malley in the amended complaint did not relate back. *Mercer v. Morgan*, supra.

Assuming, but not deciding, that the claims against Malley in the amended complaint were sufficient allegations of Malley's personal responsibility so as to state a claim under § 1983, the question is whether these claims, first asserted more than three years after the alleged beating, were barred under a statute of limitation.

The parties agree that there is no federal statute of limitation governing claims under § 1983; thus, the controlling limitation period is the most appropriate one provided by state law. *Gipson v. Township of Bass River*, 82 F.R.D. 122 (D.N.J. 1979). An applicable state limitation period may be disregarded only if the state law is inconsistent with the Constitution and laws of the United States. "In order to gauge consistency, of course, the state and federal policies which the respective legislatures sought to foster must be identified and compared." *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).

The trial court ruled that the applicable limitation period was four years. This is incorrect. The four-year period, stated in § 37–1–4, N.M.S.A.1978, applies only to actions "not * * * otherwise provided for".

Section 37–1–8, N.M.S.A.1978, provides a three-year limitation period for injury to the person. Plaintiff seeks damages for physical pain and discomfort, mental anguish, trauma, humiliation, embarrassment and medical bills, all allegedly resulting from a violation of his civil rights. Section 37–1–8, supra, is a more appropriate limitation period than § 37–1–4, supra.

Section 41–4–15, supra, provides a two-year period for plaintiff's claims against

Malley, a public employee. Plaintiff refers us to cases holding that the limitation period under a tort claims act is not applicable to a claim under § 1983. We disagree with those decisions. Section 1983 provides liability for the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States. Section 41–4–12, supra, provides for liability (by a waiver of immunity) for a deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States. Liability under § 1983 and § 41–4–12, supra, is consistent, not inconsistent. Section 41–4–12, supra, is a more appropriate limitation period than § 37–1–4, supra.

*Gunther v. Miller*, 498 F.Supp. 882 (D.N. M.1980), states that a § 1983 claim is not analogous to a cause of action brought under a state tort claims act because tort claims acts are based on state concepts of sovereign immunity alien to the purposes to be served by the Civil Rights Act. We disagree with this reasoning, New Mexico's Tort Claims Act is based on a waiver of immunity and such a waiver, as pointed out in the preceding paragraph, provides for liability for law enforcement officers which is consistent with the purposes of § 1983. The reasoning of *Gunther*, supra, is incorrect and is not to be followed.

Either the three-year period of § 37–1–8, supra, or the two-year period of § 41–4–15, supra, is a more appropriate limitation period than the four-year period of § 37–1–4, supra. In our opinion, the two-year period is the applicable limitation period to plaintiff's claims against Malley under § 1983. However, a choice between the three-year and two-year period need not be made in this case; plaintiff's claims are barred under either period.

#### C. *John Doe Defendants*

The original complaint asserted that the alleged beating was by John Does 1 through 10 who "at all times material hereto, [were] employed by the Department of Corrections * * * and are sued in their official capacity." The amended complaint added seven

persons as parties and, to avoid the statute of limitations as to these seven, plaintiff argues that the amendment naming these parties relates back to the John Doe defendants of the original complaint.

■ The requirements for relation back in this situation are stated in R.Civ.Proc. 15(c). For relation back to apply, the added party, within the limitation period, must know "or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Plaintiff's motion to amend, of July 30, 1980, alleged that each of the defendants added in the amended complaint "knew that but for the inability of the Plaintiff to identify him correctly, each said Defendant would have been sued in this cause of action as originally filed."

There is nothing in this record supporting the statement made in plaintiff's motion. The original complaint identified the John Does as employees of the Department of Corrections. There is nothing indicating that plaintiff could not identify the seven added defendants within either a two-or-three-year limitation period, and nothing indicating that the added defendants knew or should have known that there was a mistake as to their identity.

The showing in this record is that plaintiff made little or no effort to identify the seven added defendants. In 1977, when the original complaint was filed, R.Civ.Proc. 4(a) authorized the issuance of summons within one year after the filing of the complaint. See § 21–1–1(4)(a), N.M.S.A.1953 Comp. (Repl.Vol. 4). There is nothing indicating a summons was issued for any John Doe defendant. Section 21–1–1(4)(e)(5), supra, provided that service shall be made with reasonable diligence. This requirement, of service with reasonable diligence, was continued in the 1979 amendment to the rule; the requirement is in the last sentence of R.Civ.Proc. 4(e). See Judicial Pamphlet 5, page 8, N.M.S.A.1978. There is nothing indicating *any* attempt to serve process on the John Doe defendants; thus, nothing was done through the device of process to identify persons known to be

employees of the Department of Corrections. The record indicates that the earliest discovery undertaken by plaintiff was in October, 1979, more than three years after the incident giving rise to this lawsuit.

Under the foregoing circumstances, relation back did not apply. Compare *Ames v. Vavreck*, 356 F.Supp. 931 (D.Minn.1973). Another way of stating the result is that in the circumstances of this case, the filing of the original complaint, naming John Doe defendants, did not toll the running of the statute of limitation against the seven defendants added in the amended complaint. The reason is that the lack of reasonable diligence in proceeding against the John Doe defendants required a dismissal as to the John Does; the seven defendants added in the amended complaint became parties, for the first time, by the amended complaint. See *Dewey v. Farchone*, 460 F.2d 1338 (7th Cir. 1972).

The seven defendants added by the amended complaint were Deputy Warden Montoya and guards Gonzales, Romero, Lynch, Peperas, Lujan and Padilla. At the time they were added as parties, the limitation period for a claim under § 1983, whether two or three years, had run. If the amended complaint seeks damages from these seven defendants under the state Tort Claims Act, the limitation period under that Act has also run.

## D. *Claim II*

Claim II of the amended complaint was against all defendants. This claim sought § 1983 relief on the basis of events occurring in September and October, 1976, *after* the incident of September 21, 1976. Being based on subsequent events, this claim did not relate back to the original complaint. *Raven v. Marsh*, 94 N.M. 116, 607 P.2d 654 (Ct.App.1980). Claim II, asserted for the first time in August, 1980, was barred, whether the limitation period is two or three years.

The order of the trial court is reversed and the trial court is directed to dismiss the amended complaint with prejudice.

Defendants are to recover their appellate costs from plaintiff.

IT IS SO ORDERED.

WALTERS, J., concurs.

SUTIN, J., specially concurs in the result only.