**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOE JORDAN,

      Plaintiff-Appellant,

v.

JOHN DOE, New Mexico Department
of Corrections Case Worker, Central
New Mexico Correctional Facility, in
his official and personal capacity,

      Defendant-Appellee.

No. 00-2128

D.N.M.

(D.C. No. CV-99-1498-JC/RLP)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY, BALDOCK** , and **LUCERO** , Circuit Judges. **

---

      Joe Jordan, a state prisoner proceeding pro se, brought suit against a New

Mexico Department of Corrections caseworker, named only as Mr. Wyle, pursuant

---

    * This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and appellate record, this panel has
determined unanimously to honor the parties' request for decision on the briefs
without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted
without oral argument.

to 42 U.S.C. § 1983. The district court, acting sua sponte, dismissed the case with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6). We affirm for the reasons set forth below.

## I. DISCUSSION

In his complaint, Mr. Jordan claimed that Mr. Wyle violated his civil rights by failing to shred certain paperwork containing classified information about him and then discarding the paperwork in the hallway, where it was easily accessible to other inmates. According to Mr. Jordan, other inmates subsequently found and read the paperwork and then threatened Mr. Jordan, thus causing him to be placed in protective custody for the remainder of his time in prison. Mr. Jordan sought compensatory and punitive damages for the alleged violation.

Before Mr. Wyle was served with process, the district court, acting sua sponte, dismissed the complaint with prejudice, holding that Mr. Jordan failed to state a claim under either the Equal Protection Clause of the Fourteenth Amendment or the Eighth Amendment. We review de novo a dismissal for failure to state a claim, whether the dismissal is pursuant to § 1915(e)(2)(B)(ii), see Perkins , 165 F.3d at 806, or Rule 12(b)(6). See Sutton v. Utah State Sch. for the Deaf & Blind , 173 F.3d 1226, 1236 (10th Cir. 1999). Because Mr. Jordan is

-2-

proceeding pro se, we liberally construe his pleadings.   See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

As a preliminary matter, we note that Mr. Jordan filed suit against Mr. Wyle in both his individual and official capacities.  In an official-capacity suit, the governmental entity is the real party in interest.   See Hafer v. Melo, 502 U.S. 21, 25 (1991).  Therefore, Mr. Jordan's suit against Mr. Wyle in his official capacity is really a suit against the Department of Corrections.  Because the Department of Corrections is state controlled and state funded,[1] it is considered a part of the state, and § 1983 actions do not lie against a state.   See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 & n.10 (1989) (noting that states are not "persons" within the meaning of § 1983);   see also DeVargas v. State ex rel. New Mexico Dep't of Corrections, 640 P.2d 1327, 1329 (N.M. Ct. App. 1981) ("The State and its Department of Corrections are not persons within the meaning of § 1983.").  Mr. Jordan consequently has no § 1983 claim against Mr. Wyle in his official capacity.

---

[1] See N.M. Stat. Ann. § 6-3-1 (noting that state agency includes any department); N.M. Stat. Ann. §§ 9-3-3, 9-3-4 (noting that corrections department is a cabinet department run by corrections secretary who is appointed by the governor with consent of senate); General Appropriation Act of 1998, 1998 Advance Legislative Service, ch. 116, 1386-93 (noting appropriations for state department of corrections).

The only matter remaining, then, is whether Mr. Jordan stated a claim against Mr. Wyle in his individual capacity. Mr. Jordan argues first that Mr. Wyle violated his equal protection rights because "th[e] breach of security by [Mr. Wyle] cause[d] [him] actual injury . . . [and] put [his] very life in danger." Aplt's Br. at 3. The district court properly held that Mr. Jordan failed to state a claim because Mr. Jordan did not allege any facts that demonstrated disparate treatment, one of the essential elements in an equal protection claim. See Hennigh v. City of Shawnee, 155 F.3d 1249, 1257 (10th Cir. 1998) ("The allegation that a plaintiff was treated differently from those similarly situated is an essential element of an equal protection action.").

Mr. Jordan argues next that Mr. Wyle violated his rights under the Eighth Amendment because Mr. Wyle was "deliberately indifferent to [his] safety [and] well being . . . in the penitentiary of New Mexico." Aplt's Br. at 3. Under the Eighth Amendment, prison officials must "tak[e] reasonable measures to guarantee the inmates' safety." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998) (internal quotation marks omitted). Thus, the failure of a prison official to protect an inmate – for example, from the "constant threats of violence and sexual assaults from other inmates" – may rise to the level of an Eighth Amendment violation. Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996) (internal quotation marks omitted); see also Blankenship v. Meachum, 840 F.2d 741, 742

-4-

(10th Cir. 1988) ("The failure of prison officials to protect an inmate from attacks by other inmates may rise to the level of an Eighth Amendment violation.").

> An Eighth Amendment claim for failure to protect is comprised of two elements. First, an inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. Second, the inmate must establish that the prison official has a sufficiently culpable state of mind, i.e., that he or she is deliberately indifferent to the inmate's health or safety. The prison official's state of mind is measured by a subjective, rather than an objective, standard. In other words, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Riddle, 83 F.3d at 1204 (internal quotation marks omitted). Assuming that Mr. Jordan pleaded sufficient facts to establish that he was "incarcerated under conditions posing a substantial risk of serious harm," id., we hold that Mr. Jordan still failed to state a claim: Though Mr. Jordan stated in his brief that Mr. Wyle was deliberately indifferent, a conclusory allegation is not sufficient to make out an Eighth Amendment claim; Mr. Jordan must allege sufficiently specific facts to establish deliberate indifference. See Riddle, 83 F.3d at 1202 ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . .") (internal quotation marks omitted).

To summarize, we conclude that the district court properly dismissed Mr. Jordan's claims. However, we hold that the dismissal should not have been with prejudice as that might foreclose other nonfederal issues that Mr. Jordan may legitimately raise. Accordingly, we VACATE the judgment of the district court

-5-

and REMAND with instructions to the district court to dismiss *without* prejudice. In all other respects, the judgment of the district court is AFFIRMED. As a final note, we point out that, pursuant to this court's Aug. 25, 2000, order, <u>see</u> Rec., doc. 12, Mr. Jordan is obligated to continue making partial payments for costs and fees until the entire fee is paid.

Entered for the Court,


Robert H. Henry
Circuit Judge