REMINGTON PAPER COMPANY *v.* WATSON.

| 173 | 443 |
| L-ed | 762 |
| 174 | 96 |
| 175 | 280 |

ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

No. 146.   Argued January 17, 18, 1899. — Decided March 13, 1899.

On the facts stated in the opinion, the court holds that the plaintiff in error, a New York corporation, having, of its own motion, sought to litigate its rights in a state court of Louisiana, and having been given the opportunity to do so, no Federal question arises out of the fact that the litigation there resulted unsuccessfully, and without the decision of a Federal question which might give this court jurisdiction; following *Eustis* v. *Bolles*, 150 U. S. 370, in holding that when a state court has based its decision on a local or state question, the logical course here is to dismiss the writ of error.

THE case is stated in the opinion.

*Mr. E. T. Merrick* for plaintiff in error.   *Mr. Albert Voorhies* filed a brief for same.

*Mr. Alexander Porter Morse* for defendant in error.

MR. JUSTICE McKENNA delivered the opinion of the court.

It is objected that the record presents no Federal question.

In an action brought in the civil district court for the parish of Orleans, State of Louisiana, John Watson, one of the defendants in error, was appointed, on the 17th day of May, 1893, receiver of the property and assets of the Louisiana Printing and Publishing Company, a corporation created under the laws of the State of Louisiana. As such receiver he took possession of such assets and property. There was no appeal taken from the order of appointment.

The plaintiff in error, a corporation created under the laws of New York, and having its residence in that State, brought an action in the United States Circuit Court for the District of Louisiana against the Louisiana Printing and Publishing Company, to recover $3863.55, for paper furnished the company, and sued out writs of sequestration and attachment, by

authority of which, on the 29th day of May, 1893, the United States marshal seized certain property of the company and took the same from the possession of Watson.

On May 30, 1893, Watson as receiver filed a motion in said Circuit Court to quash the attachment and sequestration sued out, "and said rule or motion concluded with an order which the mover in the rule desired the court to adopt;" and thereupon the judge of the court made the following order:

"Let this rule be filed, and let the Remington Paper Company, through their attorneys, Merrick & Merrick, show cause on Thursday, June 1, at 11 A.M., why the above motion should not be granted."

To which motion the Remington Paper Company filed the following:

"The plaintiff in this case, for the purpose only of objection to the regularity of the rule taken by John W. Watson, calling himself receiver, by way of exception, says:

"That said mover as a pretended receiver cannot interfere in the progress of this suit in the informal and summary manner attempted by him in his said rule, nor has he any right to be heard to demand by the judgment of this court anything of this court without coming into court by regular process and proceedings and in the mode allowed by law, wherein the plaintiff will be entitled to a trial of questions of law and fact in the mode and manner guaranteed by the Constitution and prescribed by law.

"Wherefore this plaintiff says that this rule taken by said John W. Watson should and ought to be dismissed at the cost of said mover.

"MERRICK & MERRICK, *Att'ys.*

"And in the event the foregoing exception to said rule is overruled and this plaintiff is required by your honorable court to answer the same, and not otherwise, this plaintiff denies the allegations contained in said rule and denies that said John W. Watson, the pretended receiver, has any legal right or authority under the *ex parte* proceeding on which he relies to take possession of the property attached in this case nor to

hinder or delay your petitioner from collecting its just debt against said defendant.

"MERRICK & MERRICK, *Att'ys.*"

The plaintiff prayed the court to decide the exception to said rule before proceeding further or hearing any testimony on the rule taken.

The court, however, decided to hear the testimony on the allegations of said rule, and after hearing the same, on the 6th day of June, 1893, made the following order:

"This cause having been heard and submitted upon a rule taken by John W. Watson, appointed a receiver of the defendant by the civil district court for the parish of Orleans, to set aside the writs of attachment, and sequestration issued in this cause, and upon the exception thereto filed by the plaintiff, and the same having been considered by the court, it is now ordered, for the reasons assigned in the written opinion on file, that the marshal restore the property seized in this cause under the writs of attachment and sequestration to John W. Watson, receiver, unless within five days the plaintiff applies for and ultimately receives authority from the civil district court which appointed Watson or from the appellate court to hold same under said writs."

The opinion of the court referred to in the order recites that Watson had been "appointed receiver upon a petition of a creditor and on the intervention of the attorney general; which original and intervening petitions averred that all the officers of the defendant corporation had resigned and that in fact it was a vacant corporation." It was further said:

"I do not think this court can deal at all with the alleged irregularity in the appointment of the receiver, such as the alleged want of an execution, etc., preceding the appointment. It appearing to this court that a court of concurrent jurisdiction has appointed a receiver who was in actual possession, this court has no right to attempt to dispossess him. All the matter as to irregularity of the appointment must be dealt with by the court that appointed. I understand the doctrine of the comity of courts to be this — that where a court

has jurisdiction of a cause and property and through its proper officer is in possession, it is the duty of all other courts to refrain altogether from the attempt to take that property into possession except by permission of the court in possession. It is not a question of the validity of process, but a question of public order, and the rule of comity is based upon the duty of courts to abstain from anything that might lead to violence. There having been a receiver appointed by a court of competent jurisdiction and he being in possession of the property attempted to be seized by the marshal, and which was in fact seized, I think the duty of this court is to restore the property practically to the situation in which it was when the property was interfered with by the marshal."

The bill of exceptions signed by the Circuit Judge shows that Watson was in possession of the property, engaged in making an inventory of it when it was seized by the marshal, and had taken the oath of office but had filed no bond.

On the 9th day of June, 1893, three days after the order of the Circuit Court, the Remington Company filed in the civil district court for the parish of Orleans a petition and action of nullity and for damages under the laws of the State against Watson, receiver, Pope, petitioning creditor, and the Louisiana Printing and Publishing Company.

The petition alleged the indebtedness of the latter company to petitioner, the action by the latter in the United States Circuit Court, the attachment of property, the motion of Watson as hereinbefore stated, and the ruling and order of the court thereon; that the effect thereof will be to prevent the execution of any judgment rendered, and that "Watson was without right to stand in the way of a just debt because he had given no bond at the date of the seizure of property under the attachment nor complied with the order of the court, nor had proceedings been had to perfect his appointment or to give him the right to control the property or to prevent any suit from being brought or any court from subjecting the property of said defendant by due course of law to the payment of its debts, and the conduct of the said Watson, Frank H. Pope and those confederating with them in attempting to

screen the property from payment of debts was collusive and a constructive fraud upon petitioner and a violation of its rights under the laws and Constitution of the United States of America." That the order appointing him was null and void because obtained "upon the collusive petition of Frank H. Pope without citation to any one, without oath or affidavit or any proof and without contest." It was further alleged that the so-called intervention of the attorney general did not cure the nullity of the proceedings of Pope and Watson, and that the State was without authority to intrude itself in that manner into the controversies of private persons. There was a prayer for citation and that the order appointing Watson receiver be declared as against petitioner null and void and of no effect, and the same be ineffectual as a bar to said attachment or sequestration or other proceedings on the part of the petitioner in the Circuit Court of the United States, and that said Watson and Pope be condemned, as *in solido* or otherwise, to pay petitioner the sum of $3863.55 damages caused it by the obstruction of its proceedings in the Circuit Court, and for general relief.

The petition was subsequently amended, amplifying somewhat the charges of illegality in Watson's appointment, and alleging with more detail his action in the Circuit Court, and averring "that said *ex parte* order of this court, dated the 17th day of May, 1893, purporting to appoint John W. Watson receiver of the Louisiana Printing and Publishing Company, Limited, was obtained in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States, in this; that said decree was obtained without due process of law, it being *ex parte* and without affidavits, bond or proof, as more at large alleged in the original petition, and the said unconstitutional and void order and decree is set up and alleged by the defendants as a bar and a defence to prevent your petitioner from recovering and having its said just and valid debt from its said debtor, the said Louisiana Printing and Publishing Company, Limited, and thus depriving petitioner of its claim duly secured by due and legal process of law on the property of its said debtor, and seized under said

writs from said Circuit Court of the United States, and said defendants seek through said void *ex parte* order of the 17th day of May, 1893, to effect the transfer and —— of the possession and property of said Louisiana Printing and Publishing Company under the seizure of petitioner under its writs to said John W. Watson, thereby screening the same from ordinary and legal pursuits of creditors in the modes pointed out by law, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States."

To the petition Watson answered, denying all and singular its allegations except his appointment as receiver, and "assuming the attitude of plaintiff in reconvention," alleged that the Remington Paper Company was a non-resident corporation, and that by its "unlawful and unwarranted seizure of the property of said Louisiana Printing and Publishing Company, Limited, which seizure has been released, said Remington Paper Company has damaged the creditors of said Louisiana Printing and Publishing Company, Limited, for whose benefit *ut universi* this reconventional demand is now prosecuted."

The damages were itemized and alleged to have amounted to $3847.15.

The answer concluded as follows:

"Wherefore said John W. Watson prays that said plaintiff's petition be dismissed; that he be quieted in his position as receiver; that his appointment be ratified and confirmed as prayed for by said Louisiana Printing and Publishing Company and by a large majority of its stockholders and its board of directors, and that, as the representative of the creditors of said company, he have judgment on his reconventional demand against plaintiff in the sum of $3847.15 and all costs of this suit."

Upon the hearing judgment was rendered as follows:

"1st. In favor of John W. Watson and Frank H. Pope, rejecting and dismissing the suit of the Remington Paper Company for damages.

"2d. That the demand of the Remington Paper Company against John W. Watson, Frank H. Pope and the Louisiana Printing and Publishing Company, represented by John W.

Watson, receiver, of the nullity of the order appointing said Watson receiver, etc., be also rejected and dismissed, and that said appointment and order be maintained.

"3d. That the reconventional demand for money claimed by Watson as receiver herein be dismissed as of non suit, and that the Remington Paper Company be condemned to pay all costs of this suit."

The Supreme Court affirmed the judgment (49 La. Ann. 1296) and the case was brought here.

The Supreme Court, after reciting the proceedings taken by the respective parties and stating their contentions, said that the record showed that the Remington Company did not comply with the order of the United States Circuit Court, "but, on the contrary, this action of nullity and claim for damages was resorted to instead of such an application," and it was held that the action depended necessarily upon a claim for damages, and that the company had no such claim. It was further said:

"Addressing ourselves to the question of damages, we are of opinion that the plaintiff was plainly at fault in not employing the proper means to protect its own rights, (1) first, because it used no effort to avail itself of the permission granted by the Circuit Court whereby the seizure might have been retained on the property; (2) second, because it took no means or proceedings looking to the protection and preservation of its alleged vendors' lien upon the property after it had passed into the custody and control of the receiver, either by injunction against a sale by the receiver or a third opposition claiming the proceeds of sale, under a separate appraisement and sale.

"In our view, such measures could have been easily resorted to on the part of the plaintiff, without prejudice to this or its Circuit Court suit, and, failing in this, an insurmountable obstacle has been raised to its claim for damages.

"For surely the plaintiff cannot be heard to say that Watson and Pope have perpetrated upon it damages resulting from a loss and injury it has occasioned through its own fault.

"The plaintiff's recourse against property stricken by a ven-

dor's lien was just as efficacious against it in the hands of the receiver as it was in that of the marshal; and, had it made proper and seasonable application to the judge *a quo*, possibly he might have permitted the marshal to retain in his possession the property seized under the writ of attachment in the Circuit Court. However vain and nugatory such an effort may have proven, it was none the less its duty to have made the effort at least.

"Surely the receiver cannot be said to have committed a wrong or trespass upon the plaintiff's rights by advertising and making a sale of corporate assets in pursuance of an order of court to pay debts, especially when such sale was neither enjoined nor opposed by it.

"Presumably the proceeds of the sale are yet in the hands of the receiver for distribution according to law, and plaintiff can exercise its rights thereon.

"In our opinion, this is not a case in which we are called upon to examine and scrutinize the legality of the appointment of a receiver, for the reason that the complaining creditor has not suffered any injury thereby and is itself seeking a preference.

"We think the ends of justice would be best subserved by preserving and maintaining the *status quo*."

The assignments of error are somewhat involved in statement, but they are based on the ground that the order appointing Watson receiver was null and void because the ownership of property of the Louisiana Printing and Publishing Company, the debtor of plaintiff, "could not be divested to the prejudice of creditors on an arbitrary order without due process of law," and the use of such order to obtain the ruling of the United States Circuit Court, which directed the United States marshal to restore to him the property attached, deprived the plaintiff in error of a right without due process of law, and that therefore the judgment of the lower court was erroneous.

The appointment of a receiver to take possession of the property of an insolvent corporation upon the petition of a creditor is certainly "due process." This, of course, is not denied, but

the invalidity of the order of appointment is asserted because it was made *ex parte*, and because Watson had not fully qualified. It is hence argued that the appointment was a nullity — constituted "no legal obstacle" to the proceedings in the United States Circuit Court.

This view was not entertained by that court, but, on motion of Watson, the court ordered the property which had been attached restored to him and remitted the plaintiff (plaintiff in error here) to the state court. Its order was "that the marshal restore the property seized in this court under the writs of attachment and sequestration to John W. Watson, receiver, unless within five days the plaintiff applies for and ultimately receives authority from the civil district court which appointed Watson or from the appellate court to hold same under said writs." If this was error its review cannot be had on this record.

The plaintiff did not apply to "the civil district court which appointed Watson," the Supreme Court in its opinion says, but brought an action for nullity of the order of appointment under the code of the State (Code of Practice of Louisiana, Art. 604 *et seq.*) and for damages.

The action was regularly proceeded with, and was determined against plaintiff in error on grounds which did not involve Federal questions, and therefore it is not within our power to review the judgment of the Supreme Court of the State.

The plaintiff in error thus sought in the state court, and was given opportunity, to litigate the rights claimed by it, and it cannot complain that the guarantees of the Constitution of the United States were denied because the litigation did not result successfully. *Central Land Co.* v. *Laidley*, 159 U. S. 103, 112; *Walker* v. *Sauvinet*, 92 U. S. 90; *Head* v. *Amoskeag Manufacturing Co.*, 113 U. S. 9, 26; *Morley* v. *Lake Shore &c. Railway Co.*, 146 U. S. 162, 171; *Bergmann* v. *Backer*, 157 U. S. 655.

It follows that this writ of error cannot be maintained.

The rule was announced in *Eustis* v. *Bolles*, 150 U. S. 361, 370, "that when we find it unnecessary to decide any Federal

question, and when the state court has based its decision on a local or state question, our logical course is to dismiss the writ of error." See also *Fort Smith Railway* v. *Merriam*, 156 U. S. 478; *Hamblin* v. *Western Land Co.*, 147 U. S. 531; *Castillo* v. *McConnico*, 168 U. S. 674.

*Writ of error dismissed.*

MR. JUSTICE WHITE took no part in this decision.