**Irene R. GUNTHER, Plaintiff,**

**v.**

**Stephen MILLER, Individually and as a Police Officer of the City of Albuquerque et al., Defendants.**

**Civ. No. 80–497 HB.**

United States District Court,
D. New Mexico.

Oct. 16, 1980.

Bernard L. Robinson, Albuquerque, for plaintiff.

George R. "Pat" Bryan, III, City Atty., Robert C. Gutierrez, Asst. City Atty., Albuquerque, N. M., for defendants Robert Stover and The City of Albuquerque.

## MEMORANDUM OPINION

BRATTON, Chief Judge.

In this action brought under 42 U.S.C. § 1983 against the City of Albuquerque, its chief of police, and one of its police officers, plaintiff claims that excessive force was used in her arrest. Defendants have moved for dismissal on the ground that the statute of limitations has run. Plaintiff was arrested on October 24, 1977, and filed this suit on June 25, 1980. Defendants argue that the two–year limitations period set by the New Mexico Tort Claims Act, N.M.Stat. Ann. § 41–4–12 (1978), is controlling. Plaintiff asserts that the applicable period is either three years (for personal injuries) or four years (for miscellaneous claims) under the appropriate general New Mexico statutory provisions on limitation of actions, N.M.Stat.Ann. §§ 37–1–4 & 8 (1978).

Both sides agree that, in the absence of a federal statute of limitations governing § 1983 claims, the statute of limitations for the most nearly analogous state cause of action should be applied. *See Hansbury v. Regents of University of California,* 596 F.2d 944, 949 n. 15 (10th Cir. 1979). A

§ 1983 claim is not analogous to a cause of action brought under a state tort claims act, because tort claims acts are based on "state concepts of sovereign immunity ... alien to the purposes to be served by the Civil Rights Act." *Donovan v. Reinbold*, 433 F.2d 738, 742 (9th Cir. 1970). A state statute of limitations will not be applied to a § 1983 claim when it is "inconsistent with the underlying policies of the ... statute giving rise to the cause of action." *Spiegel v. School District No. 1*, 600 F.2d 264, 265–66 n. 3 (10th Cir. 1979).

It is concluded that the general limitations periods established by New Mexico law should apply to this case, and the motion of the defendants will therefore be denied.