**Wilbur BILLINGS, Plaintiff,**

v.

**COMMONWEALTH OF MASSACHU-SETTS et al., Defendants.**

**Civ. A. No. 79–285–C.**

United States District Court,
D. Massachusetts.

Oct. 16, 1980.

Wilbur Billings, pro se.

Michael Donahue, Dept. of Correction, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This pro se complaint by a state prisoner alleges civil rights violations by state correctional officials. 42 U.S.C. § 1983. Several defendants have moved for dismissal on the ground that the complaint fails to state a claim upon which relief can be granted.

■ The Commonwealth of Massachusetts was served with process in this case yet is not named in the complaint itself. To the extent that the plaintiff intended the Commonwealth to be a named party, I rule that he has no action under 42 U.S.C. § 1983. *Rochester v. White*, 503 F.2d 263 (3rd Cir. 1974). Nor does an action lie against the supervisory state personnel named in the complaint: Frank Hall, then Commissioner of the Department of Corrections of Massachusetts; Essex County Sheriff Cahill; Deputy Master Warren Bethune. It is settled law in this Circuit that 42 U.S.C. § 1983 does not authorize "damages liability where an individual had no personal role in the wrongdoing." *Kostka v. Hogg*, 560 F.2d 37 (1st Cir. 1977). The civil rights violations alleged here stem largely from sporadic incidents and the plaintiff has failed to claim the requisite individual involvement of the supervisory personnel. Nor has a violation by such officials of an independent statutory duty been alleged. *DiMarzo v. Cahill*, 575 F.2d 15 (1st Cir.. 1978).

■ The complaint contains remaining allegations against two guards of the Essex County House of Correction and Jail. The first two allegations bear some resemblance to state tort actions for the intentional infliction of emotional distress. They do not, however, define a claim of constitutional dimension. One does not have access to federal courts for every interference by state officials, even if tortious. *Paul v. Davis*, 424 U.S. 693 at 700, 96 S.Ct. 1155 at 1160, 47 L.Ed.2d 405 (1976).

■ The balance of the plaintiff's allegations focus on due process concerns i. e., deficiencies in a disciplinary hearing, the denial of a furlough, refusal to pay work compensation, and unfair work–release programs. Decisions in these areas represent "discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). I rule that the plaintiff's complaint does not state a claim upon which relief can be granted, even though the Court of Appeals has reminded us that pro se complaints are to be read generously. *See McDonald v. Hall*, 610 F.2d 16, 17 (1st Cir. 1979); *Slotnick v. Garfinkle*, 632 F.2d 163 (1st Cir. 1980).

Order accordingly.