Antonio DeVARGAS,
Plaintiff-Appellant,

v.

Robert MONTOYA, et al.,
Defendants-Appellees,

Antonio DeVARGAS,
Plaintiff-Appellant,

v.

Clyde MALLEY, Defendant-Appellee,

Roberto Montoya, et al., Defendants.

Nos. 83–2481, 85–1038.

United States Court of Appeals,
Tenth Circuit.

July 8, 1986.

Richard Rosenstock, Chama, N.M. (Steven G. Farber, Santa Fe, N.M. and Philip Davis, Albuquerque, N.M., with him on briefs), for plaintiff-appellant.

Mark C. Meiering of Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., for defendants-appellees.

Before BARRETT, McWILLIAMS and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

Plaintiff, Antonio DeVargas, brought an action in the state courts of New Mexico generally alleging a violation of his civil rights under 42 U.S.C. § 1983 (1982), as well as a violation of his constitutional rights. The court eventually dismissed the action as time-barred, and that dismissal was, for practical purposes, affirmed by the New Mexico Supreme Court. *DeVargas v. State ex rel. New Mexico Department of Corrections*, 97 N.M. 563, 642 P.2d 166 (1982). Plaintiff did not seek review by the United States Supreme Court. Subsequently, plaintiff filed a motion to reinstate his claims and for permission to file a second amended complaint in state court alleging various reasons in avoidance of the judgment dismissing his suit. The state court determined it was without jurisdiction to hear the motions because of prior appellate court rulings, and plaintiff did not appeal. Thereafter, plaintiff filed his same basic complaint, again with certain added claims, in federal district court. Upon defendant's motion to dismiss or for summary judgment, on both statute of limitations and res judicata grounds, the district court dismissed the action. On appeal from that judgment, plaintiff once again asserts various theories in avoidance of the final state court judgment; he also seeks to avoid the consequences of his untimely filing in federal court. We reject plaintiff's arguments and affirm.

This case is consolidated with a companion case in which plaintiff asserts his right to proceed against a single defendant, Clyde Malley, on various procedural grounds. We also affirm the district court's dismissal of that action.

## BACKGROUND

The event from which plaintiff's basic cause of action arose, and against which the statute of limitations commenced to run, occurred on September 21, 1976. On that date, plaintiff allegedly was assaulted and injured by prison guards at the New Mexico state penitentiary where plaintiff was being held temporarily while awaiting release on bond following an arrest. The following chronology of the central occurrences of record ensued.

On July 6, 1977, plaintiff filed a complaint in the Santa Fe District Court for the State of New Mexico, alleging a violation of various constitutional rights and of his civil rights under 42 U.S.C. § 1983 (1982). Named as defendants were the State, the Department of Corrections and its Secretary (present and past), the warden of the penitentiary, and Does I through X. The complaint was wholly defective on its face, a fact later confirmed by the New Mexico Court of Appeals and not seriously contested by plaintiff in these proceedings. A motion to dismiss followed, to which plaintiff never responded,[1] and the case remained quiescent as to any development in court until October 1979 when plaintiff noticed up the deposition of Tom Trujillo, custodian of records at the New Mexico state penitentiary.

Plaintiff attributes this twenty-eight month delay in prosecuting his action in court to an alleged oral agreement with opposing counsel to forebear costly formal development of the case while settlement possibilities were explored. Plaintiff advances the same reason in support of an argument that the statute of limitations was extended by waiver or estoppel.

Additional depositions were taken, along with discovery of documents, and on or about August 5, 1980, plaintiff filed a pleading entitled "Amended Complaint," later determined by the state courts to be an original complaint. The new complaint, filed more than three years and ten months after the alleged assault on September 21, 1976, altered the parties defendant, named prison guards for the first time, and added causes of action. One of those causes, claim II of the complaint, R. Vol. I at 80,

---

1. Plaintiff asked for and received an extension to September 25, 1977 to respond to the motion to dismiss, but let the date pass without response.

constitutes the second alleged overt act of injury in this case, that of a malicious prosecution. The conduct allegedly occurred between September 23, 1976 and mid-October of that year. R. Vol. I at 80–81.

Defendants promptly filed a motion to dismiss on statute of limitations grounds. The trial court denied the motion and certified the question for interlocutory appeal to the New Mexico Court of Appeals. That court, in a detailed opinion, held that plaintiff's action was time-barred under state statutes limiting actions to two or three years, depending on the nature of the particular claim. *DeVargas v. State ex rel. New Mexico Department of Corrections,* 97 N.M. 447, 640 P.2d 1327 (Ct.App.1981), *cert. quashed,* 97 N.M. 563, 642 P.2d 166 (1982). The New Mexico Supreme Court first granted then issued an order quashing plaintiff's petition for a writ of certiorari. Its opinion accompanying that order held that the applicable statute of limitations was two years, and that plaintiff's complaint was barred. *DeVargas v. State ex rel. New Mexico Department of Corrections,* 97 N.M. 563, 642 P.2d 166 (1982). Plaintiff made no attempt to seek review by the United States Supreme Court.

Plaintiff next filed a motion in state district court to reinstate his claims and for permission to file a second amended complaint, all on the grounds that defendants' conduct either estopped them from asserting the statute of limitations as a defense or caused them to waive it, or that the statute was extended due to fraudulent concealment of facts. The court held that the prior appellate court rulings precluded it from exercising jurisdiction to hear the motions. Plaintiff did not appeal that ruling.

Undeterred, plaintiff commenced this action in federal court by filing, on May 11, 1982, a complaint identical in its essentials to the claims brought in state court. The complaint added opposing counsel, Assistant Attorney General Muxlow, as a party and added a conspiracy count. It also asserted reasons why plaintiff's claims were not time-barred, and why the state appellate courts' decisions were improper. Once again, defendants moved to dismiss or for summary judgment on grounds of res judicata and collateral estoppel, statute of limitations, and failure to state a claim against Muxlow. Except for the claims against defendants Muxlow and Malley, the district court held that plaintiff's complaint was barred by the doctrine of res judicata. The court dismissed the complaint against Malley for lack of prosecution. R. Vol. I at 280. On plaintiff's motion, the action against Muxlow was dismissed with prejudice. R. Vol. I at 283. This appeal followed against all defendants except Muxlow.

Different standards of review apply to the various issues presented in this appeal. We review on a de novo basis questions of law presented to and decided by the district court. The district court's decisions regarding plaintiff's Rule 60(b) motion as it relates to Malley are reviewed under an abuse of discretion standard. To the extent any other issues involve a review of the factual record, the usual summary judgment standard applies.

## I

## INTRODUCTION

Absolute bars of res judicata and statute of limitations have been asserted against plaintiff's complaint in federal court. Both apply in varying degrees.

The complaint is untimely on its face with respect to the basic causes of action, unless extended by one of plaintiff's argued exceptions. The alleged incidents of personal injury and malicious prosecution occurred prior to November 1976. Plaintiff filed his complaint on May 11, 1982, almost five and one-half years later and beyond any cognizable statutory period for commencing litigation.

Principles of res judicata apply more directly to subsidiary issues of tolling, waiver, and estoppel for purposes of evaluating the timeliness of plaintiff's filing in federal court, rather than as a complete bar to plaintiff's action.

■ It is axiomatic that state court judgments are generally to be given full faith and credit in federal courts. 28 U.S.C. § 1738 (1982). The state court judgment is entitled to the same preclusive effect in federal court as it would be given in the New Mexico courts. *Marrese v. American Academy of Orthopedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *see also Haring v. Prosise,* 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983). Furthermore, the Supreme Court in *Allen* and *Migra* established that this principle is no less applicable in section 1983 cases. *See also Carpenter v. Reed,* 757 F.2d 218 (10th Cir. 1985); *Spence v. Latting,* 512 F.2d 93 (10th Cir.), *cert. denied,* 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Brown v. DeLayo,* 498 F.2d 1173 (10th Cir.1974).

The problem here is a theoretical one. If the federal court in New Mexico applied the four year limitation period arguably permissible under *Gunther v. Miller,* 498 F.Supp. 882 (D.N.M.1980), we could have, in theory, been faced with a situation in which a New Mexico state court action dismissed as untimely under a two or three year statute might thereafter have been timely filed in federal court. The bar of res judicata, therefore, might not have automatically precluded the second action.[2] And, since the state court judgment did not address the merits of the claimed injuries, they would also have been open to adjudication in the second action.

As indicated, it is unnecessary to pursue those questions in this case. Plaintiff's filing in federal court was late by any standard, unless some exception applies, and the New Mexico judgment can be given full deference in our analysis of the arguments advanced by plaintiff for extending the limitations period. We turn next to those arguments.

## II

## STATUTE OF LIMITATIONS

Plaintiff advances two major reasons for extending the statute of limitations: the New Mexico savings statute; and tolling, waiver, or estoppel. The state court judgment impacts upon both categories, and here we disagree with plaintiff's view that the state judgment has no res judicata effect on his federal court action. The core of plaintiff's argument at this point is that the state court decisions related only to a procedural matter, not to the merits of his case, and that mere procedural rulings are not entitled to any res judicata effect.

■ However the judgment of the New Mexico state courts is denominated, there is no question that it was dispositive of plaintiff's action. The New Mexico Court of Appeals entered an order directing the trial court to dismiss plaintiff's claim "with prejudice." "Generally speaking, '... dismissal with prejudice ... constitutes an adjudication of the merits and is thus res judicata of the issues between the parties and their privies.'" *Campos v. Brown,* 85 N.M. 684, 515 P.2d 1288, 1290 (Ct.App. 1973) (citations omitted); *accord Adams v. United Steelworkers of America,* 97 N.M. 369, 640 P.2d 475 (1982); *see also* N.M.R. Civ.P. 41(b). We believe the New Mexico courts would find a dismissal on statute of limitations grounds in these circumstances was "on the merits" for res judicata purposes. In *Angel v. Bullington,* 330 U.S. 183, 190, 67 S.Ct. 657, 661, 91 L.Ed. 832 (1947), the United States Supreme Court stated:

It is suggested that the North Carolina Supreme Court did not adjudicate the

2. In *Henson v. Columbus Bank and Trust Company,* 651 F.2d 320 (5th Cir.1981), *appeal after remand,* 770 F.2d 1566 (11th Cir.1985) the Fifth Circuit found that a prior dismissal of plaintiff's Truth-in-Lending claim on statute of limitations grounds in state court did not prevent plaintiff from relitigating that claim in federal court. *Henson* is of course distinguishable from the case before us because in *Henson,* plaintiff's claim in federal court was timely filed.

"merits" of the controversy. It is a misconception of *res judicata* to assume that the doctrine does not come into operation if a court has not passed on the "merits" in the sense of the ultimate substantive issues of a litigation. An adjudication declining to reach such ultimate substantive issues may bar a second attempt to reach them in another court of the State.

*See also Board of Regents v. Tomanio,* 446 U.S. 478, 484, 487, 100 S.Ct. 1790, 1795, 1796–97, 64 L.Ed.2d 440 (1980) ("In § 1983 actions, however, a state statute of limitations and the coordinate tolling rules are more than a technical obstacle to be circumvented if possible.... Statutes of limitations are not simply technicalities"); *Hildebrand v. Dart Industries,* 640 F.2d 289, 290–91 (10th Cir.1981) ("[A] specific remedy barred in a particular jurisdiction by its statute of limitations is conclusively barred in that jurisdiction."); *Nilsen v. City of Moss Point* 701 F.2d 556 (5th Cir. 1983); 1B J. Moore, J. Lucas, T. Currier, Moore's Federal Practice ¶ 0.409[6] (2d ed. 1984).

Therefore, the state court determination that plaintiff's action was barred by the statute of limitations was a determination on the merits regarding timeliness in state court. Keeping that general conclusion in mind, we now consider plaintiff's arguments for extending the statute of limitations.

A. *The State Savings Statute.*

█ Perhaps the most novel of plaintiff's many arguments is the contention that his federal court filing is merely a continuation of the state court action by virtue of the New Mexico savings statute. N.M.Stat. Ann. § 37–1–14 (1978) provides:

If, after the commencement of an action, the plaintiff fails therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first.

This statute does not assist plaintiff. One need look no further than the proviso that a second suit is deemed a "continuation of the first." As previously indicated, we recognize as valid and binding the New Mexico judgment that plaintiff had nothing to continue. His suit in state court was time-barred. The savings statute could not resurrect what never existed. *See Bavel v. Cavaness,* 12 Ill.App.3d 633, 299 N.E.2d 435 (1973); *Mercer v. Morgan,* 86 N.M. 711, 526 P.2d 1304 (Ct.App.1974). "To merely allege that the second complaint filed is a continuation of the first does not make it so." *Rito Cebolla Investments, Ltd. v. Golden West Land Corp.,* 94 N.M. 121, 607 P.2d 659, 666 (Ct.App.1980). In discussing savings statutes in general, the United States Supreme Court has stated:

Such a statute specifically gives to a plaintiff *whose timely action* is dismissed for procedural reasons such as improper venue a specified time in which to bring a second action.

*Burnett v. New York Central Railroad Company,* 380 U.S. 424, 432, 85 S.Ct. 1050, 1057, 13 L.Ed.2d 941 (1965) (emphasis added). Similarly, the New Mexico Supreme Court in *Benally v. Pigman,* 78 N.M. 189, 429 P.2d 648, 652 (1967) noted that a second action could be a continuation of an earlier action, and not barred by the statute of limitations, when the first dismissal was *"not based upon the discretionary power of the court to dismiss stale claims,* nor was there any finding or conclusion that the dismissal of [the first action] was by reason of the negligence of plaintiffs in prosecuting the cause." (emphasis added).

Any holding to the contrary would lead to the absurd result that all limitations statutes are extended indefinitely by the savings statute. A barred action need only be filed, dismissed, then refiled within six months of dismissal claiming "continuation" under the savings statute. Furthermore, it is abundantly clear that plaintiff's chances of successfully refiling in state court on that theory were nil.

### B. *Alleged Extension of the Statute by Waiver, Estoppel, or Tolling Due to Fraudulent Concealment.*

By affidavit and general allegation, plaintiff blames the inaction of his counsel in the state proceeding on the misconduct of opposing counsel and some defendants. Supposedly, defense counsel entered into an agreement with plaintiff's counsel that the suit need not be pursued while the parties explored settlement. All the while, defense counsel and some defendants were allegedly concealing and misrepresenting information which would have enabled plaintiff's counsel to cure defects in his complaint. The same claimed concealment allegedly prevented plaintiff's counsel from discovering a cause of action for malicious prosecution.[3]

Plaintiff contends that such alleged misconduct extended the statute of limitations by waiver, equitable estoppel, or tolling due to fraud. He further contends that the state court judgment is either defective or deficient since the appellate courts did not consider the waiver, estoppel, and tolling issues. In any event, he reasons that the federal court has independent power to entertain issues such as tolling, waiver, and estoppel in evaluating whether the statute of limitations has run.

█ We first examine whether the tolling, waiver, and estoppel issues are deemed to be included in the state court judgment of dismissal. The rule in New Mexico, as elsewhere, is that a judgment includes both defenses which could have been raised as well as those which were raised. "[W]here a party has an opportunity to present his defense and neglects to do so, public policy requires that he take the consequenses of his negligence." *First State Bank v. Muz-io*, 100 N.M. 98, 666 P.2d 777, 780 (1983). For res judicata or "claim preclusion" purposes, a valid and final judgment in one action precludes the parties to that action or their privies from "relitigating issues that were *or could have been* raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (emphasis added); *Long v. United States Department of the Air Force,* 751 F.2d 339 (10th Cir.1984). "As this court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry,* 449 U.S. at 94, 101 S.Ct. at 415.

█ It is unnecessary to pursue at length whether plaintiff's arguments could have been raised in the state court proceedings. Once defendants moved to dismiss plaintiff's "amended complaint" on statute of limitations grounds, plaintiff had an absolute duty to raise every available defense on that issue. As discussed *infra,* he had no right to assume the statute of limitations was four years, leaving defendants' motion to be treated lightly. Defendants' motion to dismiss was filed in September 1980. Under plaintiff's own version of the facts, he knew of the alleged conspiracy and of the existence of an alleged malicious prosecution claim no later than July 1980. Appellant's Brief at 6. His counsel's affidavit regarding the alleged settlement agreement states the agreement was entered into in 1977. R. Vol. I at 42. Thus, plaintiff knew of every claim of tolling, waiver, or estoppel made here and could have raised them in the state action in

---

**3.** Plaintiff alleges defendants "conspired to deliberately conceal numerous documents which would have identified the names of plaintiff's assailants (Romero, Gonzales, Montoya, Lujan, Padilla, Peperas and Lynch) by falsely stating to plaintiff's attorney that no such documents existed when, in fact, defendants possessed them; by concealing the fact that defendants had initiated the attempted malicious prosecution through the withholding of documents demonstrating this; by entering into an agreement with plaintiff's counsel, purportedly to reduce the risks and costs of litigation, that the parties would refrain from any formal action in the state case, including formal discovery, responses to a pending motion to dismiss and amendments to the pleadings that might be necessitated as a result of the disposition of the pending motions, until all attempts at settlement were exhausted; and by conducting said settlement negotiations in bad faith." Appellant's Brief at 7.

response to defendants' motion. Furthermore, after the judgment of dismissal, plaintiff raised his arguments of tolling, estoppel, and waiver by way of motion in the trial court. That court held that it had no jurisdiction to entertain those motions, and plaintiff did not appeal.

The extension issues are identical regardless of whether a two, three or four year statute applies. The state court judgment of dismissal did not recognize any extension of the statute of limitations for any reason, including those now before us. Thus, the state court judgment is dispositive of the tolling, waiver, and estoppel issues on the merits. That judgment is entitled to res judicata effect here.

Many circuits follow the view that federal courts have independent powers to determine when the applicable statute of limitations begins to run. *Sevier v. Turner,* 742 F.2d 262, 272 (6th Cir.1984); *Keating v. Carey,* 706 F.2d 377, 382 (2d Cir.1983); *Perez v. Laredo Junior College,* 706 F.2d 731, 733 (5th Cir.1983), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 708, 79 L.Ed.2d 172 (1984); *Gowin v. Altmiller,* 663 F.2d 820, 822 (9th Cir.1981); *Bireline v. Seagondollar,* 567 F.2d 260, 263 (4th Cir.1977), *cert. denied,* 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979). This court has not, however, followed that view. In *Clulow v. State of Oklahoma,* 700 F.2d 1291, 1300 (10th Cir.1983), a case under sections 1983 and 1985 in which plaintiff alleged that defendants' withholding of certain information prevented the statute of limitations from running, we stated: "We view this question as one of accrual of the claim, but whether it is one of accrual or tolling, it is to be determined by reference to state law." Furthermore, aside from any question of accrual of claims, the Supreme Court has made it clear that state, not federal, tolling rules apply in Civil Rights Acts cases, unless those state rules are inconsistent with federal policy. *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *see also Pike v. City of Mission, Kansas,* 731 F.2d 655 (10th Cir.1984); *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 651 F.2d 687 (10th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 392, 70 L.Ed.2d 209 (1981).

Thus, even if we decided to apply federal rules concerning tolling or the accrual of a cause of action, plaintiff in this case receives no benefit. This is so because there was a state court decision precisely on the issue of when plaintiff's cause of action accrued and whether the applicable statute of limitations was tolled. Any independent powers we might have were never meant to be vehicles by which parties could relitigate matters unsuccessfully pursued in another forum or to cause the federal courts to act as appellate tribunals over lawful determinations of state courts. They in no way reduce or limit our obligation under section 1738 to give full faith and credit to valid state court judgments or our right to apply res judicata principles to prevent repetitive and wasteful litigation. If we were to exercise our power to make a separate determination as to the accrual of plaintiff's cause of action, it would be unnecessary to proceed further than a review of the final judgment in state court and the subject matter thereof. As we have pointed out, all of plaintiff's arguments either were or could have been raised in the state court proceedings to prevent a time-bar there. The same is true with respect to his claim that the statute of limitations was tolled. We are satisfied that no further action under or application of such independent powers would be proper in this case.

## III

### ATTACKS ON THE STATE COURT PROCEEDINGS

#### A. *Statute of Limitations in State Court.*

Federal civil rights statutes do not specify a statute of limitations for section 1983 and section 1985 actions. Therefore, it has been the settled practice of both state and federal courts to adopt the most analogous state statute of limitations. *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Board of Regents v.*

*Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975); *Vest v. Bossard,* 700 F.2d 600 (10th Cir. 1983) (McKay, J., concurring); *Aldrich v. McCullouch Properties, Inc.,* 627 F.2d 1036 (10th Cir.1980); *Hansbury v. Regents of the University of California,* 596 F.2d 944 (10th Cir.1979); *see also* 42 U.S.C. § 1988 (1982). The characterization of an action for purposes of selecting the appropriate state statute "is ultimately a question of federal law." *Auto Workers v. Hoosier Corp.,* 383 U.S. 696, 706, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966).

In this case plaintiff contends it was unlawful for the state courts to apply a two or three year limitations period to his action because federal courts had supposedly made a binding determination that the four-year statute applied. From that premise, plaintiff alternatively seeks relief from what he views as an unlawful judgment of dismissal or urges that the judgment is not entitled to any recognition here.

Those arguments are unavailing because, among other things, the premise is incorrect. There was no federal precedent binding on the New Mexico courts on this specific point until the United States Supreme Court established national policy in *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In *Garcia* the Court ruled that section 1983 claims are best characterized as personal injury actions for purposes of selecting the most appropriate state statute of limitations. In New Mexico that statute is three years.

Prior to *Garcia* there was considerable disagreement among the courts, state and federal, concerning which state statute of limitations was most analogous to a particular claim under the civil rights laws. This court explicitly rejected the establishment of any uniform rule and adopted the approach of a case-by-case analysis of each particular claim. *Zuniga v. AMFAC Foods, Inc.,* 580 F.2d 380, 383 (10th Cir. 1978). Thereafter, we ruled on various causes of action and the applicability of certain state statutes,[4] but not which New Mexico statutes applied to the kinds of injury alleged here. Accordingly, there could be no sustainable claim of discrimination between state and federal courts or other unlawful act by the New Mexico courts when they made the necessary determinations in this case with respect to their own jurisdiction.[5]

The Federal district court decision in *Gunther v. Miller,* upon which the plaintiff relies heavily, does not support an argument to the contrary. First, the court in *Gunther* did not decide that the New Mexico four-year statute of limitations applied to a personal injury action under section 1983. It held that the two-year statute provided by New Mexico's Tort Claims Act did *not* apply and, without being required to decide the issue, that the "general limitations peri-

---

**4.** *Clulow v. Oklahoma,* 700 F.2d 1291 (10th Cir. 1983) (applying Oklahoma two-year statute of limitations for injury to the rights of another to cause of action arising out of involuntary commitment to mental institutions); *Garcia v. University of Kansas,* 702 F.2d 849 (10th Cir.1983) (applying Kansas two-year statute of limitations for injury to the rights of another to employment discrimination claim); *Shah v. Halliburton,* 627 F.2d 1055 (10th Cir.1980) (applying Oklahoma three-year statute of limitations for contract actions and actions upon a liability created by statute to wrongful employment termination claim); *Spiegel v. School District No. 1,* 600 F.2d 264 (10th Cir.1979) (applying Wyoming two-year statute of limitations for actions upon a liability created by a federal statute to wrongful employment termination claim); *Zuniga v. AMFAC Foods, Inc.,* 580 F.2d 380 (10th Cir.1978) (applying Colorado six-year statute of

limitations for contract or tort actions to wrongful employment termination claim); *Crosswhite v. Brown,* 424 F.2d 495 (10th Cir.1970) (applying Oklahoma two-year statute of limitations for injury to the rights of another to cause of action arising out of failure to conduct an extradition hearing); *see also Sullivan v. Lamunyon,* 572 F.Supp. 753, 757–58 (D.Kan.1983).

**5.** Furthermore, even had the New Mexico Supreme Court selected the three year statute endorsed by *Garcia,* plaintiff's claim would still have been time-barred. Accordingly, its incorrect characterization of the cause of action and resultant applicable statute of limitations does not affect our decision here, including our ability to give res judicata effect to any claims of tolling, waiver and estoppel.

ods" of three or four years were applicable. 498 F.Supp. 883;[6] *see also Sullivan v. Lamunyon,* 572 F.Supp. 753 (D.Kan.1983). Second, and in any event, a district court decision would not be binding on the New Mexico courts and plaintiff would not be entitled to rely thereon.[7] Third, *Gunther* was decided more than four years after plaintiff's cause of action arose, and could not have been the source of any reliance by plaintiff. Similarly, plaintiff's reliance on *Hansbury v. Regents of the University of California,* 596 F.2d 944 (10th Cir.1979) is misplaced. In *Hansbury,* we affirmed the district court's application of New Mexico's four-year statute of limitations to an employment discrimination claim. That provides no binding precedent that the four-year statute applies to a personal injury action filed in a New Mexico state court.

This case presents yet another salient consideration. For the first time we are dealing with a situation in which the highest state courts have made a prior determination in the precise case concerning the appropriate limitations statute to be applied. While characterization of an action for purposes of selecting the most analogous state statute is ultimately a question of federal law, as we stated previously, that does not mean relevant state court judgments should be ignored. The Supreme Court stated specifically that "there is no reason to reject the characterization that state law would impose unless that characterization is unreasonable or otherwise inconsistent with [the policy of the federal statute]." *Auto Workers v. Hoosier Corp.,* 383 U.S. at 706, 86 S.Ct. at 1113. As the Supreme Court noted in *Robertson v. Wegmann,* 436 U.S. 584, 593, 98 S.Ct. 1991, 1113, 56 L.Ed.2d 554 (1978), "[a] state statute cannot be considered 'inconsistent' with federal law merely because the statute causes the plaintiff to lose the litigation." We find no inconsistency between the New Mexico statutes or their application by the state courts in this case and the policies behind the Civil Rights Acts. And, we have consistently searched for pertinent state court decisions to assist us in making our own determinations with respect to limitations periods applicable to actions filed in the federal courts. *See, e.g., Zuniga v. AMFAC Foods,* 580 F.2d at 386.

Thus, while we may have taken a different view of the matter if plaintiff had filed in federal court in the first instance, that situation is not before us. The issue posed by plaintiff's arguments is whether there is a firm basis upon which to entertain a collateral attack on the state court determination relating to its own jurisdiction, applying its own state statutes. We find no such basis.[8] In view of the uncertainty which characterized the search for appropriate statutes of limitations in particular civil rights claims at the time, plaintiff proceeded at his own risk when he assumed that the New Mexico courts would adopt the four-year statute in his case.

B. *Constitutionality of the State Proceedings.*

Plaintiff contends that not only the choice of limitations period by the state appellate courts, but also every adverse

---

**6.** The relevant statutes are N.M.Stat.Ann. § 37–1–8 (1978), applicable to "[a]ctions ... for an injury to the person or reputation of any person" and N.M.Stat.Ann. § 37–1–4 (1978), applicable to "all other actions not herein otherwise provided for."

**7.** During this period of time, federal district courts in this circuit were often in disagreement over which state statute of limitations was best suited to a particular type of civil rights claim. *See, e.g.,* the discussions in *Shah v. Halliburton Co.,* 627 F.2d 1055, 1058–59 (10th Cir.1980), and *Zuniga v. AMFAC Foods, Inc.,* 580 F.2d 380, 384–85, 387 n. 9 (10th Cir.1978).

**8.** In *Shah v. Halliburton Co.,* 627 F.2d 1055, 1059 (10th Cir.1980), we stated that "where doubt exists as to the nature of the action, courts lean toward the application of the longer period of limitations" (quoting *Hughes v. Reed,* 46 F.2d 435, 440 (10th Cir.1931)). Such expressions of policy exist as an aid to the court in making its determination when the question is in doubt. The policy is not a determination in and of itself. As indicated by our discussion, such a policy would not override the more concrete considerations and different policies present in this case.

decision and every proceeding before those courts constituted a denial of due process and equal protection. Decisions with respect to Hanrahan and Malley are included in those contentions.[9] Our discussion with respect to the statute of limitations issue partially disposes of these contentions.

■ As indicated above, the Civil Rights Acts carve out no exception to section 1738's command of full faith and credit. Accordingly, unless the New Mexico proceedings were "so fundamentally unfair as to be denied recognition under section 1738," *Kremer v. Chemical Construction Co.*, 456 U.S. at 480, 102 S.Ct. at 1897, those state court proceedings have the same preclusive effect on us that they would have in New Mexico.

> In deciding whether the state courts' judgments were fundamentally flawed, we may only examine whether the state proceedings satisfied "the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Kremer*, 456 U.S. at 481, 102 S.Ct. at 1897.

*Kiowa Tribe of Oklahoma v. Lewis*, 777 F.2d 587, 591 (10th Cir.1985). Nothing in the record before us suggests any due process violation by the New Mexico courts in their dismissal of plaintiff's claims.

> Obviously, nothing we have said entitles every civil litigant to a hearing on the merits in every case. The State may erect reasonable procedural requirements for triggering the right to an adjudication, be they statutes of limitations, *cf. Chase Securities Corp. v. Donaldson*, 325 U.S. [304] at 314–316, [65 S.Ct. 1137, 1142–1143, 89 L.Ed.2d 1628 (1945)] or, in an appropriate case, filing fees. *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). And the State certainly accords *due* process when it terminates a claim for failure to comply with a reasonable procedural or evidentiary rule.

*Logan v. Zimmerman*, 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982) (emphasis in original).

We agree with the Fifth Circuit's characterization of a dilatory litigant:

> Here it was not the procedural system of the forum that precluded joinder of all [plaintiff's] asserted remedies in one proceeding. Instead ... it was her own "unexplained dilatoriness." The system itself was, in and of its nature, ready and able to accommodate all such claims if timely made, and obliged to entertain them.

*Nilsen v. City of Moss Point*, 701 F.2d 556, 563 (5th Cir.1983).

Furthermore, plaintiff was entitled to petition to the United States Supreme Court for a writ of certiorari if he believed his federal constitutional rights were violated by the New Mexico courts. 28 U.S.C. § 1257 (1982). Having declined to do so, he cannot now ask us to sit as an appellate court for judgments of the New Mexico Supreme Court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311–12, 75 L.Ed.2d 206 (1985). We decline to look behind the New Mexico Supreme Court's final judgment as a matter of "the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. at 96, 101 S.Ct. at 415.

> [I]f a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decision in this Court— he has elected to forego his right to return to the District Court.

*England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 419, 84 S.Ct. 461, 467, 11 L.Ed.2d 440 (1963); *see also Spence v. Latting*, 512 F.2d at 93.

> The plaintiff in error thus sought in the state court, and was given opportunity,

9. Defendant Hanrahan was Secretary of Corrections of the State of New Mexico at the time plaintiff's cause of action arose, and was a named defendant in both the original defective complaint in state court and plaintiff's amended complaint.

to litigate the rights claimed by it, and it cannot complain that the guarantees of the Constitution of the United States were denied because the litigation did not result successfully.

*Remington Paper Company v. Watson,* 173 U.S. 443, 451, 19 S.Ct. 456, 459, 43 L.Ed. 762 (1899) (citations omitted).[10]

## IV

## CONSPIRACY COUNT AND ALLEGED DENIAL OF FAIR HEARING

The root occurrence in this entire case is the alleged personal injury caused plaintiff on September 21, 1976, at the state penitentiary. A subsidiary, but separately identifiable event, was the unsuccessful attempt to indict plaintiff in mid-October 1976. Plaintiff included that event in his "amended complaint," filed in August 1980, as a malicious prosecution and infringement of civil rights count.

From those two 1976 events all else in this convoluted, protracted state/federal proceeding has sprung. Plaintiff has pleaded, rephrased, and pleaded again every conceivable theory of liability from constitutional and federal statutory claims to common law and state statutory claims. Most were included in the state court dismissal. In his complaint filed in federal court, plaintiff has further expanded his theories of the matter. He views the entire history of his litigation in state court, and the decisions against him, as a denial of due process and equal protection. We have already discussed and rejected those claims. He then overlays the same history with an omnibus conspiracy allegation. We also reject that claim as a matter of law. There are three reasons. First, much of the claim is repetitive of conspiracy claims in essence contained in the state court action[11] and included, therefore, in the judgment of dismissal on statute of limitations grounds.

█ The second reason goes also to plaintiff's repeated charge that he has not had his day in court. The reason deals with plaintiff's own duties and responsibilities, the dereliction of which is at the root of plaintiff's troubles, rather than any alleged conspiracy. He says he did not obtain necessary information and did not prosecute his action in state court because there was an agreement to hold off while settlement was explored. R. Vol. I at 16 (Complaint, para. 55). That constitutes no entitlement to abdicate his responsibility for protecting rights in litigation. *See Tappen v. Ager,* 599 F.2d 376 (10th Cir.1979); *Crumpton v. Humana, Inc.,* 99 N.M. 562, 661 P.2d 54 (1983). In *Knippel v. Northern Communications, Inc.,* 97 N.M. 401, 640 P.2d 507, 512 (Ct.App.1982) (quoting *Kuntsman v. Mirrizzi,* 234 Cal.App.2d 753, 44 Cal.Rptr. 707 (1965)) the court stated as follows: "To permit one who has knowledge of the law to attempt to negotiate a settlement and subsequently plead estoppel would not only destroy the effect of the legislative statutes of limitations but would seriously impair the climate and effectiveness of the present method of encouraging settlement without litigation."

He then complains that he could neither repair his defective complaint nor discover an additional cause of action because the defendants hid information, falsely said

---

**10.** Plaintiff's argument that the New Mexico state courts' failure to apply their determination of the applicable statute of limitations prospectively violated plaintiff's "right to equal protection under the laws, rendering the state court decisions void and entitling [p]laintiff to have the trial court address the issue of prospectivity in the first instance", Docketing Statement at 10, is equally without merit. As with the due process claim, the United States Supreme Court is the proper forum for such a charge. 28 U.S.C. § 1257; *see also Feldman,* 460 U.S. at 476, 103 S.Ct. at 1311–12.

Plaintiff also argues that the state court judgment is "void for lack of jurisdiction". Appellant's Brief at 10. He fails to develop this argument, except in regard to defendants Malley and Hanrahan, against whom plaintiff claims his complaint was improperly dismissed by the New Mexico Court of Appeals. We likewise decline to look behind the decisions of the New Mexico Court of Appeals and Supreme Court on those issues.

**11.** *See, e.g.,* R. Vol. I at 80–82 (Amended Complaint, para. 20–21, 26–30).

they would furnish any available records, and falsely denied charges. R. Vol. I at 16–17 (Complaint, para. 55). But plaintiff could easily have discovered that information by utilizing the rules of civil procedure. In fact, by proceeding under the rules plaintiff did discover the information in 1979 and 1980 prior to his "Amended Complaint."

When plaintiff chose to commence litigation and filed a defective complaint, which drew a motion to dismiss, he was on actual notice that the most fundamental, obvious remedial work needed to be done. The problem was compounded when plaintiff sought and was granted leave for additional time to reply to defendants' motion, but filed nothing. No conspiracy by the opposition could excuse plaintiff and his counsel from the discharge of their own, affirmative duty seasonably to employ the rules of civil procedure to correct and protect litigation initiated by them. Conspiracy or no conspiracy, plaintiff's duties were absolutely fixed. "[W]e see no reason why an act of concealment by defendant should excuse plaintiff from his obligation of diligence, which he owes the court as well as his adversaries." *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross,* 651 F.2d at 694. However in good faith he may have acted, the burden remained upon plaintiff to proceed diligently in protecting his own rights. No alleged conspiracy relieved him of that burden.

An argument is made that there could be no neglect concerning the statute of limitations until its imminent expiration. Coupled with that is plaintiff's argument that he was entitled to believe such expiration was four years after the event. However, when plaintiff chose to invoke the state court system by commencing litigation, an independent responsibility arose. Plaintiff was obligated to the state court not to leave a defective pleading in limbo for years. Of course, he was also obligated to himself.

It serves no useful purpose to draw the point out further. During the years in state court, plaintiff failed to protect his rights. He chose the state forum he now castigates, and he took the risk of predicting what statute of limitations the state court would employ. The proximate responsibility for adverse consequences remains with plaintiff. As a matter of law it could not rest with alleged third party conspirators.

The third reason for not countenancing the conspiracy cause of action lies within the context of the litigation itself. Taking due note of the history of this litigation and plaintiff's many pleading devices, we view the omnibus conspiracy counts contained in plaintiff's federal court complaint as transparent attempts to recast old allegations in a manner calculated to gain entrance to the federal courts for a second chance at litigation. The mere act of creative pleading will not insulate a party from the application of statutes of limitations, the principles of res judicata and collateral estoppel, or the commands of full faith and credit.

## V

### ISSUES REGARDING DEFENDANT MALLEY

Issues regarding defendant Malley are raised in both of these consolidated appeals. All of the issues relate to the district court's dismissal of the complaint against Malley for lack of prosecution. The underlying reason was plaintiff's failure to obtain personal service of the complaint on Malley, who had moved out of state.

In the appeal involving the other defendants, No. 83–2481, plaintiff asserts that the district court erred in not recognizing service by publication and in refusing to grant a default judgment. In a separate appeal, No. 85–1038, plaintiff contends the court committed the following errors: (a) denying plaintiff's motion under Fed.R.Civ.P. 60(b)(3) to reopen the judgment of dismissal on grounds that Malley fraudulently evaded service; (b) denying plaintiff's motion to take Malley's deposition in order to support the Rule 60(b)(3) motion; and (c) granting Malley's motion to quash service

on grounds of lack of jurisdiction due to the appeal in Case No. 83–2481.

On the basis of our disposition of plaintiff's appeal concerning the other defendants, we agree with the district court that plaintiff's arguments on these matters are moot. Even if Malley were included with the other defendants, no grounds for maintaining a suit against him in federal court could be established.

■ Independent of that conclusion we still find no merit in plaintiff's contentions. The decision whether to grant relief under Rule 60(b) is left to the sound discretion of the trial court. *Zimmerman v. Quinn,* 744 F.2d 81 (10th Cir.1984); *Pierce v. Cook & Co.,* 518 F.2d 720 (10th Cir.1975), *cert. denied,* 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976); *Chief Freight Lines Co. v. Local Union No. 886,* 514 F.2d 572 (10th Cir.1975). On appeal, our review of the district court's ruling on a Rule 60(b) motion is limited to determining whether the district court abused its discretion; this court does not review the underlying judgment. *Morris v. Adams-Millis Corporation,* 758 F.2d 1352 (10th Cir.1985); *see also Security Mutual Casualty Co. v. Century Casualty Co.,* 621 F.2d 1062 (10th Cir.1980).

■ Plaintiff can point to no fact to support his allegations of fraud, misrepresentation, or misconduct by Malley. He was obligated under Rule 60(b)(3) to provide the district court with clear and convincing proof that Malley was guilty of fraudulent conduct, misrepresentation, or other misconduct. *Square Construction Co. v. Washington Metropolitan Area Transit Authority,* 657 F.2d 68 (4th Cir. 1981); *Montgomery v. Hall,* 592 F.2d 278 (5th Cir.1979) (per curiam). The district court found he failed to provide such proof; we find no abuse of discretion in that determination.

At best, plaintiff's argument is supported by inferences he wishes to draw from several moves defendant Malley made, apparently for health reasons, while plaintiff's case was before the New Mexico appellate courts and during the early phase of his federal district court case. Similar inferences are claimed from the fact that Malley apparently left no forwarding address when he moved in December 1981 from Phoenix, Arizona and from the fact of Malley's unlisted telephone number in Austin, Texas. We agree with the district court that "[t]hese facts do not support a finding of misconduct on the part of Mr. Malley."

Similarly, the denial of plaintiff's motion to depose Malley was within the discretion of the trial court, and we find no abuse. The same is true of the court's action on Malley's motion to quash service and on plaintiff's attempt to serve by publication.

## VI

### CONCLUSION

Plaintiff's situation is unfortunate, but not the fault of defendants, their counsel, or the courts. His own difficulties in state court do not entitle him to begin anew in federal court, however creatively his old claims are articulated as new. Other arguments raised by plaintiff in this appeal have also been considered and are rejected.[12]

**JUDGMENT AFFIRMED.**

---

**12.** Counsel have submitted various supplemental authorities. We have considered all of them and find them distinguishable.