661 P.2d 54

Jack CRUMPTON and his wife, Wanda Crumpton, Plaintiffs-Appellants,

v.

HUMANA, INC., a corporation, and Mary Harper, R.N., Defendants-Appellees.

No. 14554.

Supreme Court of New Mexico.

March 30, 1983.

Harvey C. Markley, Lovington, for plaintiffs-appellants.

Atwood, Malone, Mann & Cooter, Bob F. Turner, Roswell, for defendants-appellees.

## OPINION

PAYNE, Chief Justice.

This is a frivolous appeal. We also note that there is a strong indication in the record that counsel for the appellant ineptly and perhaps negligently handled his client's case. Counsel for the appellant failed to file suit before the applicable statute of limitations had run. We are disappointed when members of our State Bar betray the trust and confidence of their clients by engaging in careless and unprofessional practice.

On February 8, 1979, Wanda Crumpton underwent surgery at Llano Estacado Medical Center in Hobbs. She alleged that she sustained injuries to her neck and legs when an attending nurse attempted to lower her hospital bed on February 11, 1979. Her suit was filed more than three years later on February 15, 1982. The trial court granted a motion for summary judgment on the ground that the suit was barred by the three-year statute of limitations. § 41–5–13, N.M.S.A.1978 (Repl.Pamp.1982); § 37–1–8, N.M.S.A.1978. Crumpton now appeals and argues that the exact date of her injury may not be ascertainable.

### I.

Crumpton argues that her injury was not ascertainable until some time after the accident occurred. Further, she contends that the statute of limitations should have been tolled during the time the parties were negotiating.

These arguments are entirely without merit. In her deposition, Crumpton plainly testified that her injuries occurred on February 11, 1979. She also testified that she is still having problems in her shoulders, legs and sides which she attributed to the February 11, 1979 incident. Crumpton offers no evidence to contradict the fact that the alleged negligent act and injury occurred simultaneously on February 11, 1979. In our view, the fact that she had continu-

ing treatments and hospitalizations after the injury does not necessarily make the date of the injury unascertainable.

Under both the Medical Malpractice Act, Section 41–5–13, and the general three-year statute of limitations, Section 37–1–8, Crumpton's suit is barred. These statutes clearly indicate that the statute of limitations commences running from the *date of injury* or *the date of the alleged malpractice.* In *Peralta v. Martinez,* 90 N.M. 391, 564 P.2d 194 (Ct.App.1977), *cert. denied,* 90 N.M. 636, 567 P.2d 485 (1977), the Court of Appeals stated at page 394:

'The injury is done when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable' . . . . We hold the limitation period begins to run from the time the injury manifests itself in a physically objective manner *and* is ascertainable.

Crumpton cites no authority for her argument that the statute of limitations should be tolled during the time when the parties were negotiating a settlement. The record indicates that defendants did not fraudulently lead Crumpton to believe that the case would be settled at some future date. In fact, the record indicates that in May 1981, defendants sent Crumpton a letter wherein defendants made a final offer for a compromise settlement of the case.

Accordingly, we affirm the trial court's grant of summary judgment against Crumpton. Because we determine this appeal to be frivolous and entirely without merit, costs and attorneys fees are to be borne by appellants.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.