686 P.2d 255

**In the Matter of Harvey C. MARKLEY, Attorney at Law.**

**No. 15480.**

Supreme Court of New Mexico.

Aug. 20, 1984.

## ORDER

This matter having come before this Court on July 18, 1984, after completion of disciplinary proceedings conducted pursuant to NMSA 1978, Rules Governing Discipline (Repl.Pamp.1983), wherein Attorney Harvey C. Markley (Markley) was found to have filed a client's claim after the statute of limitations had run, then raised the same case as a frivolous appeal in *Crumpton v. Humana, Inc.*, 99 N.M. 562, 661 P.2d 54 (1983) by this Court, and failed to properly arrange for the sale of two other clients' real property by not having the deed held in escrow until his clients had been paid in full.

Markley had also prepared the warranty deed conveying this same real property to his clients' buyers but failed to attach a copy of the real estate contract to the deed when he had it recorded. Subsequently, the buyers obtained a second mortgage on the property, defaulted on their payments to the bank, and then quitclaimed their interest in the property to the bank in lieu of a foreclosure action. Markley's clients then sued the bank and Markley and were awarded a judgment in the amount of the balance owed to them by the buyers. The bank, the buyers, and Markley's former clients were all awarded judgments against Markley in the amount of their attorney fees and costs incurred.

Such conduct by Markley in failing to file his client's claim prior to the running of the statute of limitations and his subsequent frivolous appeal to this Court violates NMSA 1978, Code of Prof.Resp.Rules 6-101(A)(3), 7-101(A)(3) and 7-102(a)(2) (Repl. Pamp.1982). In the matter of Markley's handling of the sale of his former clients' real property, his conduct violates NMSA 1978, Code of Prof.Resp.Rules 6-101(A)(1) and 7-101(A)(3) (Repl.Pamp.1982).

The Disciplinary Board recommended that we censure Markley for these violations of the code and place him on probation for a period of one year. We adopt these recommendations and warn Attorney Markley that any further violations will be treated much more strongly by this Court.

IT IS HEREBY ORDERED that Markley be and hereby is publicly censured and placed on probation for a period of one year commencing on August 1, 1984, for his violations of NMSA 1978, Code of Prof. Resp.Rules 6-101(A)(1), 6-101(A)(3), 7-101(A)(3), and 7-102(A)(2) (Repl.Pamp. 1982), according to the following conditions:

1. Markley agrees and stipulates that he shall pay all costs assessed against his client, Wanda Crumpton, and give proof of said payment to the Disciplinary Board no later than December 31, 1984.

2. Markley agrees and stipulates that he shall pay his clients, the Martins, in accordance with the judgment entered against him in Cause No. CV-18-298 in the District Court of Lea County and give proof of satisfaction to the Disciplinary Board no later than December 31, 1984.

3. Markley shall be supervised by Jim Saunders, Esq., or should Mr. Saunders become unavailable, by an experienced attorney approved in advance by this Court. Markley shall meet with Mr. Saunders two times per month on a regular basis to review all of the cases and actions taken or to be taken.

4. Markley shall accept new cases only after consultation with Mr. Saunders and then only after he has ascertained that

Markley has the expertise necessary to handle said case or cases.

5. Markley shall register for and attend two (2) seminars presented or approved by the Continuing Legal Education section of the Board of Bar Commissioners. One shall be in the area of real estate law and the other in the area of tort litigation and/or negotiation. Proof of attendance shall be provided to the Disciplinary Board no later than February 23, 1985.

This order is to be published in both the *New Mexico Reports* and the State Bar of New Mexico *News and Views*.