76 F.3d 392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tamyra KERN, Plaintiff-Appellant,
v.
CITY OF WICHITA and David Warren, Defendants-Appellees.
 No. 95-3112.
 United States Court of Appeals, Tenth Circuit.
 Jan. 29, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from the entry of summary judgment in favor of defendants, her employer and supervisor, in this employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e through 2000e-17, and the Kansas Act Against Discrimination (KAAD), Kan. Stat. Ann. 44-1001 through 1044.[2] The district court held plaintiff's claims were barred by pertinent limitations provisions, rejecting her argument for equitable tolling. The court also held, alternatively, that plaintiff had failed to demonstrate a triable issue on the merits of her sex discrimination claims. Each of these determinations is subject to our de novo review. See Sawtell v. E.I. Du Pont De Nemours & Co., 22 F.3d 248, 253 (10th Cir.), cert. denied, 115 S.Ct. 295 (1994); Hirase-Doi v. U.S. West Communications, Inc., 61 F.3d 777, 781 (10th Cir.1995). We affirm the judgment of the district court for substantially the reasons expressed in its Memorandum and Order of March 16, 1995.
 
 
 3
 Plaintiff alleges that an interdivisional transfer directed by defendant Warren, effective May 12, 1990, constituted an act of sex discrimination. Although the transfer was ostensibly a lateral move intended by Warren to keep plaintiff "whole" with respect to the incidents of her employment, under the terms of the applicable collective bargaining agreement (CBA) it resulted in a loss of divisional seniority that became evident some forty-five days later, when a vacation schedule for plaintiff's new division showed her at the bottom of the circulation list. At that time, a union steward explained the connection between the transfer and plaintiff's loss of seniority. Sometime later, a union official formally confirmed the steward's explanation, again informing plaintiff there was nothing to be done about the loss of seniority, dictated as it was by the CBA. Nevertheless, plaintiff proceeded on her own to request reinstatement of her divisional seniority by the city, based on Warren's forehanded representations regarding the occupational benignity of her transfer. The city responded by letter on March 19, 1993, acknowledging the inconsistency between Warren's evident intentions and the actual result of plaintiff's transfer, but concluding that the seniority problem was unremediable absent a change in the CBA.
 
 
 4
 On July 28, 1993, plaintiff filed a state suit against defendants for breach of contract involving the transfer, but did not yet specifically challenge the motivation behind it. Before dismissing the action without prejudice, plaintiff obtained in discovery the following explanation from defendants for her transfer:
 
 
 5
 Plaintiff was required to make the transfer due to her involvement in activities that gave rise to complaints [from another female employee] of a hostile environment and sexual harassment within her division. It was felt that her transfer was necessary to fully address all allegations that had been made, since plaintiff was the object of preferential treatment and contributed to the creation of the hostile environment.
 
 
 6
 Appellant's Appendix (App.) at 32-33. Defendants further stated that "[p]laintiff was the subject of sexual harassment, received preferential treatment that was gender-based, and, by her actions, contributed to a hostile work environment." Id. at 35. Plaintiff contends these discovery responses, obtained in September 1993, provided the first indication of any potential sex discrimination claim and, thus, should have served as the starting point for the pertinent limitations periods under equitable tolling principles. She filed state and federal administrative charges in January 1994, received her right-to-sue notice on February 17, 1994, and commenced this action on March 2, 1994.
 
 
 7
 The district court rejected this tolling argument, because by mid-1990 plaintiff already knew several facts central to her discrimination allegations: (1) she was the only woman left in her section of the division when she was transferred; (2) her transfer followed a departmental investigation of a sexual harassment complaint; and (3) she incurred occupational disadvantages as a result of the transfer. We agree with the district court that these facts established " 'an adverse employment decision,' " Hulsey v. KMART, Inc., 43 F.3d 555, 557 (10th Cir.1994)(quoting Gray v. Phillips Petroleum Co., 858 F.2d 610, 613 (10th Cir.1988)), and put plaintiff " 'on notice ... to inquire whether there was [a] discriminatory motive for the [action,]' " id. at 558 (quoting Olson v. Mobil Oil Corp., 904 F.2d 198, 203 (4th Cir.1990)(emphasis and further quotation omitted)).
 
 
 8
 Further, any attempt to cast defendants' allegedly pretextual reasons for plaintiff's transfer as the kind of active deception necessary to warrant equitable tolling on the grounds of concealment is meritless. See generally Jarrett v. U.S. Sprint Communications Co., 22 F.3d 256, 260 (10th Cir.), cert. denied, 115 S.Ct. 368 (1994). Indeed, " '[i]f equitable tolling applied every time an employer advanced a non-discriminatory reason for its employment decisions, it would be tantamount to asserting that an employer is equitably estopped whenever it does not disclose a violation of the statute. If this were the case, the [limitations] period for filing a charge would have little meaning.' " Hulsey, 43 F.3d at 558 (quoting Olson, 904 F.2d at 203 (emphasis and further quotation omitted)). The burden of proving the requisite conditions for equitable tolling rested on plaintiff, see Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661 (11th Cir.1993), cert. denied, 115 S.Ct. 69 (1994); Bayer v. United States Dep't of Treasury, 956 F.2d 330, 333 (D.C.Cir.1992), and she failed to demonstrate a triable issue for tolling beyond July 1990, far short of the date needed to save her federal and state claims from dismissal.
 
 
 9
 We also agree with the district court's alternative disposition on the merits. The record evidence reflects only a gender-neutral response to employee complaints of preferential treatment accorded a female (plaintiff) by male supervisors engaging in sexually inappropriate behavior at work--that is, plaintiff was prudently transferred away from the situation, as was an offending male supervisor (who was demoted as well).[3] See Cole v. Ruidoso Mun. Sch., 43 F.3d 1373, 1380 (10th Cir.1994)(noting prima facie case of gender discrimination requires female plaintiff to show she was treated less favorably than male counterparts). Under the circumstances, plaintiff's claim fails at both the prima facie case and pretext stages of the controlling analysis. Cf. Jones v. Intermountain Power Project, 794 F.2d 546, 555 (10th Cir.1986)(rejecting similarly deficient attempt by a male plaintiff "to convert a borderline sexual harassment case [involving] himself into a sexual discrimination case against [his employers for the personnel action taken to halt the harassment problem]").
 
 
 10
 We have reviewed all of the arguments made by plaintiff and, whether expressly discussed or tacitly rejected, each has been found to lack merit. The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The complaint also included a claim for breach of contract, but aside from a passing reference in her "Statement of the Case," Brief of Appellant at 3; Reply Brief of Appellant at 3, plaintiff has ignored, and consequently waived consideration of, the claim on appeal. See United States v. Callwood, 66 F.3d 1110, 1115 n. 6 (10th Cir.1995)
 
 
 [3]
 The district court noted that plaintiff's counsel expressly limited this cause of action to the interdivisional transfer, expressly disavowing any discrimination claim based on the circumstances the transfer was intended to ameliorate. See App. at 25-26. Of course, such a claim, which evidently has never been pursued administratively, would encounter exhaustion/limitations obstacles in any event