**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD R. MARTINEZ,

       Plaintiff-Appellant,

v.

JARED BLACKBURN; HYUNDAI
MOTOR AMERICA,

       Defendants-Appellees.

No. 08-2167
(D.C. No. 1:06-CV-01201-LH-RHS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **BALDOCK**, and **HOLMES**, Circuit Judges.

Richard R. Martinez, appearing pro se, appeals from the district court's

entry of judgment in favor of defendants Hyundai Motor America and one of its

employees, Jared Blackburn, on the ground that the suit was time-barred. We

have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

While riding as a passenger in a Hyundai Elantra on October 16, 2002, Mr. Martinez's son, a disabled adult, was injured in an accident. A week later, Mr. Martinez began discussions with Hyundai, seeking to settle an alleged product-liability claim regarding the car's air bag. The parties exchanged numerous letters and, apparently, some telephone calls, all without reaching any compromise. By letter dated August 4, 2005, Hyundai expressed regret that it could not "informally resolve" the matter. R. at 49. Hyundai also explained to Mr. Martinez that it disagreed with the sums he requested, expressed a belief that its goodwill offer, apparently $1,000, would provide a fair remedy, and advised him that "[s]hould you reconsider our offer or have any further questions regarding our position, please do not hesitate to contact us." *Id.*

In February 2006, Mr. Martinez sent another letter to Hyundai, asking for $15,823.73. In a letter dated November 8, 2006, Mr. Blackburn responded on behalf of Hyundai that the matter had "been reviewed by all pertinent personnel who have determined that we will be unable to offer any assistance." *Id.* at 50.

Shortly after receipt of Mr. Blackburn's letter, on December 8, 2006, Mr. Martinez initiated the underlying action pro se. After discovery, defendants filed a motion for summary judgment. The district court granted the motion on one of the three grounds defendants advanced, that New Mexico's three-year statute of limitations for personal injury claims, N.M. Stat. § 37-1-8, had run prior

-2-

to the filing of the action, and that there was no reason to toll the limitations period. Mr. Martinez has appealed.

## II

We review the district court's entry of summary judgment de novo, applying the same substantive legal standards as the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Affording a liberal construction to Mr. Martinez's pro se filings, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), we see no error in the district court's resolution of this case. Despite the fact that Mr. Martinez filed his complaint on a court form for claims arising under 42 U.S.C. § 1983, he asserted no constitutional violations, but only a tort claim under a theory of product liability. Accordingly, the district court concluded there was no state action and implicitly took jurisdiction under 28 U.S.C. § 1332(a) based on diversity of citizenship.[1] In diversity cases, the statute of limitations of the forum state, here New Mexico, governs personal-injury actions. *Dow Chem. Corp. v. Weevil-Cide*

---

[1] Mr. Martinez is a citizen of New Mexico, and defendants apparently are citizens of California. The amount-in-controversy requirement, $75,000, appears satisfied, as Mr. Martinez sought $180,000 in damages.

*Co.*, 897 F.2d 481, 483-84 (10th Cir. 1990). In New Mexico, "[a]ctions must be brought . . . for an injury to the person . . . within three years." N.M. Stat. § 37-1-8. This statute applies to personal injuries arising in product-liability cases. *See Sawtell v. E.I. du Pont de Nemours & Co.*, 22 F.3d 248, 249 (10th Cir. 1994) (applying New Mexico law); *Martinez v. Showa Denko, K.K.*, 964 P.2d 176, 181 (N.M. App. 1998).

Mr. Martinez has not taken issue with, nor do we see error in, the district court's conclusion that the three-year period began running on the date of the accident, October 16, 2002, or at the very latest approximately one week after the accident, when he first contacted Hyundai about his son's injuries and asserted a product-liability claim. Thus, the limitations period ended sometime in October 2005, but Mr. Martinez did not file this action until December 8, 2006, approximately one year after that period had ended. He argues that defendants stalled negotiations until after the limitations period had run and therefore he is entitled to tolling of the statute of limitations. But this contention is fatally undermined by the letter Hyundai wrote to him on August 4, 2005, nearly three months before the end of the limitations period. Despite any alleged stalling that occurred prior to that date, the August 4 letter made reasonably clear that Hyundai considered negotiations to be at an end, leaving Mr. Martinez with nearly three months in which to file his lawsuit before the limitations period ended in mid- or late-October 2005. We see no indication that defendants

induced Mr. Martinez to forego filing suit by fraudently leading him to believe that the matter would be settled until after the limitations period, a situation that the New Mexico Supreme Court has suggested might warrant tolling. *See Crumpton v. Humana, Inc.*, 661 P.2d 54, 55 (N.M. 1983). Indeed, as in *Crumpton*, where the court concluded that the plaintiff was not entitled to tolling during the parties' period of settlement negotiations, Hyundai conveyed a final offer of compromise within the limitations period—the August 4 letter, which reiterated Hyundai's belief that its goodwill offer would provide a fair remedy and invited Mr. Martinez to reconsider his rejection of that offer. We therefore see no evidence that the actions of Hyundai were fraudulent and induced Mr. Martinez into delaying the filing of his action until after the limitations period expired.

Mr. Martinez further argues that he simply was unaware of the statute of limitations. This, however, does not merit tolling. *Coslett v. Third St. Grocery*, 876 P.2d 656, 664 (N.M. App. 1994).

Finally, Mr. Martinez's contention that he was never given the opportunity to personally present and argue his case before a judge or jury does not amount to a deprivation of due process. The propriety of deciding a case by summary judgment, and doing so without a hearing, are well-established judicial procedures. *See* Fed. R. Civ. P. 56 (setting forth summary judgment criteria); *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) (stating that the

Seventh Amendment right to a jury trial "is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury"); *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988) (explaining that a party's right to be heard on summary judgment "may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court"). Moreover, there is no indication that the parties' written materials were insufficient to inform the district court's disposition.[2]

### III

The judgment of the district court is AFFIRMED.

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[2] Mr. Martinez states that because his documentation was submitted to the district court through and at the request of opposing counsel, "[i]t is reasonable to question that all documentation we provided to opposing coun[sel] was presented in its entirety to the judge." Aplt. Br. at 3. But even assuming such an arrangement existed, Mr. Martinez has not identified any documents that opposing counsel failed to provide to the district court on his behalf.